**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**CATHERINE PEACOCK,**

> **Plaintiff,**

**v.**                                                    **Case No.: 3:06cv67/MCR/MD**

**JO ANNE  B.  BARNHART,
Commissioner of Social Security,**

> **Defendant.**

_____/

## O R D E R

This cause comes on for consideration upon the magistrate judge's report and recommendation dated October 23, 2006, and the government's objections thereto. Pursuant to Title 28, United States Code, Section 636(b)(1), the court has made a de novo determination of those portions of the report and recommendation to which an objection has been made.  As explained below, the court concludes that the government's objections should be sustained in part and overruled in part and that the report and recommendation should be adopted, as modified.

The government raises two objections to the magistrate judge's report and recommendation.    The court  first addresses  the  government's  objection  to  the recommendation that this case be remanded for consideration of the adverse effects of plaintiff's medication, based on plaintiff's argument that the administrative law judge ("ALJ") failed to properly consider the opinion of treating physician Ruben R. Garcia, Jr., M.D.  The record reflects the following evidence relevant to the side effects of plaintiff's medications. In a questionnaire completed in connection with plaintiff's disability application in 2003, plaintiff listed only two medication side effects, constipation and diarrhea.  (R.  107). In

March of 2003 plaintiff complained that the methadone she was taking made her "spacey"; as a result of her complaint plaintiff was taken off the medication. (R. 180).  Dr.  Garcia indicated on a May 2005 clinical assessment of pain questionnaire that the side effects from plaintiff's medications could be expected to be severe and to limit effectiveness due to distraction, inattention, and drowsiness.[1] (R. 319).  Dr. Garcia's records do not reflect that he was concerned about the side effects of plaintiff's medications, nor is there significant evidence that plaintiff complained of medication side effects to Dr. Garcia or to other physicians.  At a June 2005 administrative hearing, plaintiff testified that her medications made her feel dizzy, lightheaded, tired, and sleepy.  (R. 374, 381).

The decision of the Commissioner of Social Security must be affirmed if the correct legal standards have been applied and the decision is supported by substantial evidence. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam). The treating physician's rule requires that the opinion of a treating source be given substantial or considerable weight unless "good cause" is shown to the contrary. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (citation omitted). Good cause may exist when the report of a treating physician "is not accompanied by objective medical evidence."[2] Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991).  If the ALJ does not give a treating physician's opinion controlling weight, "[t]he ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).  It is well settled that the ALJ is entitled to conclude that side effects from medication do not present

---

[1]  Dr. Garcia also signed the following statement, dated June 8, 2005:
Catherine Peacock is disabled from employment due to the following medical problems:
1) polycystic kidney disease
2) fibromyalgia
3) hypertension
4) lumbar disc disease with cervical disc disease.
(R. 329).

[2]  Good cause also exists when (1) the opinion of the treating physician is not bolstered by the evidence, (2) evidence supports a contrary finding, or (3) the opinion of the treating physician is conclusory or inconsistent with the doctor's own medical records.  Phillips, 357 F.3d at 1240-41.

a significant problem based on the lack of supporting evidence. See Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (holding that an ALJ's determination on side effects was proper where the claimant did not complain about side effects nor did the record disclose any concerns about side effects by the doctors examining the claimant); see also Holley v. Chater, 931 F.Supp. 840, 850 (S.D. Fla. 1996) (indicating that evidence of adverse effects of medication which is provided only by plaintiff's own testimony is insufficient to support a finding of disability).

Here, in her decision the ALJ noted Dr. Garcia's conclusion on the pain questionnaire that plaintiff suffered intractable pain that would be "'virtually incapacitating'" and his separate written statement that she was "'disabled from employment.'" (R. 18). Although the ALJ acknowledged the treating physician's rule, pursuant to which the opinion of a treating source ordinarily should be accorded great weight, she rejected Dr. Garcia's opinions on the grounds they were not accompanied by objective medical evidence and were not consistent with other substantial evidence.  More specifically, the ALJ noted that the record contained no treatment notes or any other objective medical documentation that supported Dr. Garcia's "conclusions on the issue of disability, or that the claimant experience[s] an incapacitating amount of pain or that she would miss four days of work a month." (Id.).

Although the ALJ did not specifically address Dr. Garcia's finding regarding the adverse effects of plaintiff's medications, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [the reviewing court] to conclude that [the ALJ] considered [plaintiff's] medical condition as a whole.'" Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005); see also McCray v. Massanari, 175 F.Supp.2d 1329, 1336 (M.D.Ala. 2001) (ALJ must consider all medical evidence that is credible, supported by clinical findings, and relevant but is not required to discuss every piece of evidence submitted; furthermore, the failure to cite specific evidence does not necessarily indicate that such evidence was not considered).  In this case, with respect to plaintiff's alleged medication side effects, the ALJ's decision is adequate to enable this court to conclude that she considered plaintiff's medical condition as a whole.  Moreover, because the ALJ quoted elsewhere from Dr. Garcia's clinical assessment of pain questionnaire, it is

reasonable to conclude that she also considered, and rejected for the reasons stated in her decision, his opinion regarding adverse effects from medication.   The ALJ properly recited and applied the treating physician's rule, and the record supports her findings.  Because the ALJ applied the correct legal standard and because substantial evidence exists which supports her rejection of Dr. Garcia's opinions, the ALJ's determination in this regard should be affirmed.  Accordingly, the government's objection to remand for consideration of the adverse effects of plaintiff's medications is sustained.

The court next considers the government's objection to the recommendation that the case be remanded for further consideration of plaintiff's condition of polycystic kidney disease and its effect on her ability to work.  Plaintiff argues in her memorandum that remand is appropriate so that the ALJ may include work limitations related to her complaints of severe urinary and bowel incontinence, which plaintiff associates with her kidney condition.  The government contends that the opinion of nephrologist Clyde  M. Pence, M.D., is sufficient to support the ALJ's determination that plaintiff failed to meet her burden of showing, at step two of the sequential analysis,[3] that this condition is severe.

As defined in Social Security regulations, an impairment or combination of impairments is not severe if it does not significantly limit the physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1521(a), 416.921(a).  The step two analysis has been further clarified by the Eleventh Circuit:

At step two,

a claimant's impairment is determined to be either severe or not severe. Step two is a threshold inquiry.  It allows only claims based on the most trivial impairments to be rejected.  The claimant's burden at step two is mild.  An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.  Claimant

---

[3]  Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:
1.      Is the individual currently engaged in substantial gainful activity?
2.      Does the individual have any severe impairment?
3.      Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?
4.      Does the individual have any impairments which prevent past relevant work?
5.      Do the individual's impairments prevent any other work?

need show only that his impairment is not so slight and its effect is not so minimal.

McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986).

The Eleventh Circuit has observed that step two of the sequential analysis may do no more than screen out de minimis claims. Stratton v. Bowen, 827 F.2d 1447, 1453 (11th Cir. 1987). If, however, an impairment causes only mild effects on a claimant's ability to work, or is amenable to medical treatment, it may be found not severe. See Bridges v. Bowen, 815 F.2d 622, 626 (11th Cir. 1987) (per curiam).

Dr. Pence opined in June 2003 that plaintiff's kidney function was still "fairly normal" and that her hypertension (which he indicated could be involved with her polycystic kidney disease) was "under reasonably good control." (R. 202). In this case, if Dr. Pence's report were the only evidence regarding plaintiff's kidney condition, the court would be inclined to agree with the government that the ALJ's finding of "not severe" was supported by substantial evidence. Plaintiff also testified, however, that she suffers from extremely severe bladder and bowel incontinence, as well as from a need to urinate as frequently as ten times each day, all of which problems she apparently attributes to her kidney condition. (R. 365-66, 382-83). As it does not appear that the ALJ took plaintiff's bowel and urinary problems into consideration in making her step two determination pertaining to the polycystic kidney disease, the court cannot conclude that this finding is supported by substantial evidence. Furthermore, even if plaintiff's bowel and urinary problems in fact were medically unrelated to her polycystic kidney disease[4] it appears that these conditions would significantly limit plaintiff's ability to perform basic work activities. Accordingly, the court overrules the instant objection by the government.

In summary, the government's objection to remand for consideration of the adverse effects of plaintiff's medications is sustained, and the court declines to adopt that part of the magistrate judge's report which so recommends. The government's objection

---

[4] The court recognizes there is no medical evidence in the record that connects plaintiff's polycystic kidney disease to her alleged bowel and bladder incontinence. With respect to her bowel incontinence, the court questions whether such a connection in fact exists. Nevertheless, given plaintiff's testimony regarding her incontinence – whether related to her polycystic kidney disease or not – and the ALJ's failure to discuss it in her decision (including making a credibility determination with respect to it), the court concludes that remand is appropriate for further consideration.

regarding the step two determination involving plaintiff's polycystic kidney disease is overruled.  This case shall be remanded to the Commissioner for further consideration of plaintiff's polycystic kidney condition, including – whether in connection with plaintiff's polycystic kidney disease or independent from it – her bladder and bowel complaints, and the effect of this condition and these complaints on plaintiff's ability to work.

Accordingly, it is ORDERED:

1.     The government's objection to remand for consideration of the adverse effects of plaintiff's medications is SUSTAINED, and the court declines to adopt that part of the magistrate judge's report which so recommends.  The government's objection regarding the step two determination involving plaintiff's polycystic kidney disease is OVERRULED.

2.     The magistrate judge's report and recommendation dated October 23, 2006, is ADOPTED and INCORPORATED by reference in this order, as modified.

3.     The decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with the magistrate judge's report and recommendation dated October 23, 2006, as modified.

4.     Judgment shall be entered in favor of plaintiff pursuant to sentence four of 42 U.S.C. § 405(g), and the clerk shall close the file.

**DONE AND ORDERED** this 22nd day of January, 2007.

_s/ M. Casey Rodgers_
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**